UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN M.<br>    *Plaintiff*, | )    CASE NO. 3:18-CV-00224 (KAD)<br>)<br>) |
| v. | )<br>) |
| KILOLO KIJAKAZI, ACTING<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    *Defendant*. | )    OCTOBER 26, 2022<br>)<br>)<br>) |

**ORDER DENYING MOTION FOR FEES (ECF NO. 28)**

Kari A. Dooley, United States District Judge:

**Facts and Procedural History**

In November of 2018, the Court remanded this case to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g). *See* ECF No. 27. Thereafter, on October 11, 2020, the Social Security Administration (SSA) advised Plaintiff that he was due benefits but withheld $2,407.75 from the past due benefits for the payment of a potential attorney's fee request. *See* ECF No. 30. On September 9, 2021,[1] Plaintiff's counsel filed a motion for attorney's fees in the amount of $2,000 pursuant to 42 U.S.C. § 406(b).

**Standard of Review**

A court that enters a judgment favorable to a social security claimant may award as part of its judgment a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled. *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08, 122 S. Ct. 1817, 152 L.Ed.2d 996 (2002). Section 406(b)(1)(A) further authorizes the Commissioner to certify for such a court-awarded fee to be paid out of the past-due benefits award. And the Second Circuit has determined that Federal Rule

---

[1] This matter was re-assigned to the undersigned on September 21, 2022. *See* ECF No. 33.

of Civil Procedure 54, which requires a motion for attorney's fees to be made within fourteen days of judgment, provides the applicable limitations period for filing 406(b) motions. *See Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019). Like other statutes of limitations, 406(b) motions are subject to equitable tolling where necessary to prevent unfairness to a plaintiff. *See id.* at 88. The 14-day filing period begins when the claimant receives notice from the agency of the benefits calculation. *See id.* at 91. However, the Second Circuit has explicitly held that a fourteen-day limitations period is "not absolute," leaving district courts discretion in deciding when an alteration to the 14-day period is appropriate. *See id* at 90.

**Discussion**

*Timeliness*[2]

Here, Plaintiff's attorney moved for fees almost one year after the SSA sent notice to Plaintiff that he was awarded benefits. But Plaintiff has provided the Court with no explanation for such extraordinary delay. In *Sinkler*, the court found unreasonable a six month delay in moving for fees where the attorney provided "no factual basis to support a claim that it was reasonable" to do so. *Id.* (internal quotations omitted). As the motion arrived "far outside" the fourteen-day period prescribed by Rule 54, the court denied the motion. *Id.* Other courts have found a motion for fees timely when the delay in filing was considerably shorter. *See Bukilici v. Saul,* Civ. No. 3:15CV01777 (SALM), 2020 WL 2219184, at *5 (D. Conn. May 7, 2020) (excusing a sixteen day delay); *Henderson v. Kijakazi*, Civil No. 3:17CV636 (AWT), 2021 WL 5206385, at *3 (D. Conn. Nov. 9, 2021) (excusing an eleven day delay); *Walls v. Comm'r of Soc. Sec.*, 3:17 CV 1669 (RMS),

---

[2] Because the Court denies the motion as untimely, the Court does not address other problematic aspects of the motion, including the potential prejudice to the claimant arising from the delay, the lack of attorney timekeeping records from which the Court could assess the reasonableness of the fee request, the dearth of evidence regarding any fee agreement between the claimant and his attorney, and the absence of any information as to the amount of funds that might remain held by the SSA at this time.

2020 WL 3026462, at *3 (D. Conn. June 5, 2021) (excusing a twenty-five day delay during the height of the COVID-19 pandemic). The Court has not located any decision in this Circuit where a motion filed after a wholly unexplained delay of almost one year was held to be timely filed. And the Court sees no reason to be the first to do so.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (ECF No. 28) is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of October 2022.

      /s/ *Kari A. Dooley*
      KARI A. DOOLEY
      UNITED STATES DISTRICT JUDGE